the will, but she is entitled to take both dower and the property set apart by the will· In re Gotzian, (Minn.) 24 N. W. Rep. 920. This rule is recognized in *Iowa*, Daugherty v. Daugherty, 29 N. W. Rep. 778; and in *New York*, where it is held that the only sufficient and adequate demonstration which, in the absence of express words, will put the widow to her election, is a clear incompatibility arising on the face of the will between a claim of dower and a claim to the benefit given by the will. Konvalinka v. Schlegel, (N. Y.) 9 N. E. Rep. 868. Express words are not necessary to put a wife to her election, where the provisions of the will manifest a clear and unequivocal intention on the part of the testator to bar his wife's dower. Brokaw v. Brokaw, (N. J.) 7 Atl. Rep. 414. In *Ohio* the common-law rule has been changed by statute, so that, unless an intention to the contrary plainly appears in the will, the presumption is that the provision made for the widow by the will of the husband is in lieu of dower. Corry v. Lamb, 12 N. E. Rep. 660. Unless a devise to a wife be ascertained, either by express words or necessary implication, to be intended in lieu of dower, she will not be compelled to elect which she will take, but will be entitled to both. In re Blaney, (Iowa,), 34 N. W. Rep. 768. See, also, Anthony v. Anthony, (Conn.) 11 Atl. Rep. 45.

---

BUTLER *et al. v.* FARLEY, Sheriff.

(*Supreme Court, General Term, First Department.* June 19, 1888.)

REPLEVIN—PLEADING—AMENDMENT.

Where, in replevin, plaintiffs allege partnership, ownership of the property, and its value, which defendant's answer denies, and the third and fourth paragraphs of the complaint allege unlawful possession and detention by defendant, who had levied on the property under execution against a third person, and that the property was not that of the third person, and the answer of defendant admits these facts, it is too late, at the trial, after plaintiffs prove the facts denied and rest, to permit defendant to amend his answer and withdraw his admissions and allege ownership in the third person.[1]

Appeal from circuit court, New York county; G. C. BARRETT, Justice.

S. S. Butler *et al.* sued Charles B. Farley, sheriff of Kings county, in replevin to recover certain property levied on, by virtue of an execution against a third party. Judgment for plaintiffs, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*James Dunne*, for appellant.   *Goldsmith & Doherty*, for respondents.

VAN BRUNT, P. J.   The complaint in this action alleged in the first paragraph thereof the partnership of the plaintiffs. In the second, that they were the owners of the property in question. In the third, that the defendant became possessed of the property, and wrongfully and unlawfully detained the same. In the fourth, that the defendant obtained possession under and by virtue of executions issued to him against the property of the firm of Macdonald & Farrell, who claimed to hold said goods by virtue of a pretended sale and delivery thereof to them by the plaintiffs, whereas the title to said goods never passed to said Macdonald & Farrell. In the fifth a demand is alleged, and in the sixth is an allegation of value and damage. The answer denies on information and belief the first paragraph in the complaint, then denies the allegations contained in the second, third, and sixth paragraphs of the complaint not thereinafter admitted, and then admits the truth of the third and fourth paragraphs of the complaint. At the trial one of the plaintiffs was put upon the stand, who was asked if his firm were the owners of the goods mentioned in the complaint, and what was their value. Upon cross-examination, the defendant's counsel asked questions tending to show the circumstances under which the goods came into the possession of Macdonald & Farrell, for the purpose of showing title in them. The plaintiffs' counsel objected because the title of the plaintiffs and the wrongful detention had been admitted by the answer, and the court so held. The defendant's counsel thereupon moved to amend, but the court would not allow the amendment to be made

---

[1]Upon the subject of amendments in general, see the note to Gay v. Joplin, 13 Fed. Rep. 650.

upon the trial, as the counsel knew before commencing the trial of the condition of the pleading, and because such amendment would be depriving the plaintiffs of an admission contained upon the face of the pleadings, and upon which they had relied. To this ruling of the court the defendant's counsel duly excepted, and then proceeded with his cross-examination. Upon the close of the examination of this witness, the plaintiffs rested, and the defendant moved to dismiss the complaint upon the ground substantially that the title to these goods was in Macdonald & Farrell at the time they were taken by him, and not in the plaintiffs. This motion was denied, and exception taken, and the court thereupon directed a verdict in favor of the plaintiffs.

It is claimed by the appellant that the question of ownership was clearly at issue, and, if it was not, that the plaintiffs, by going to trial upon this question, waived the admission. Upon both these questions the record shows that the appellant is mistaken as to the facts. The answer, it is true, denies the second, third, and sixth paragraphs of the complaint, but it does not deny them absolutely. It simply denies so much of the allegations contained in those paragraphs as are not thereinafter admitted, and the third and fourth paragraphs are subsequently admitted. The fourth paragraph of the complaint alleges ownership in the plaintiffs, and the third shows a wrongful detention by the defendant. Here were admitted two important features of plaintiffs' cause of action, but they were not entitled to the judgment asked for upon the pleadings, because their copartnership was denied, and the amount of damage, and it was to prove these allegations that the plaintiffs put their witness upon the stand. They in no way attempted to try the issue of ownership except so far as to qualify the witness to speak of value, and as soon as the cross-examination of the witness showed an attempt to bring in the issue of ownership, objection was raised founded upon the admission in the pleadings. The plaintiffs evidently relied upon the admissions in the pleadings, and did not intend to try any such issue. It was not error, under the circumstances, to refuse the application to amend. The counsel knew before entering upon the trial of the condition of the pleadings, and if he chose to experiment with the other side as to their diligence in discovering the issues presented by the pleadings, after his discovery that they had read the pleadings before going to trial, it was too late to ask for an amendment. Knowing, as the defendant did, the infirmities of his answer, he was bound, if he wanted an amendment, to ask for it before going into the trial. The judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concur.